UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Vivian Crawford, as Personal Representative of the Estate of Brandon Teasley Watt,<br><br>Plaintiff,<br><br>vs.<br><br>Mel Sinkel,<br>Defendant. | Case No. 8:04-1264-13<br><br>**PETITION FOR APPROVAL OF SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL ACTIONS** |

Petitioner herein would respectfully show to the Court:

1.    Petitioner is the duly appointed Personal Representative of the Estate of Brandon Teasley Watt, deceased, and is a citizen and resident of Anderson County, South Carolina.

2.    Petitioner's decedent drowned on May 12, 2002 in the waters of Lake Hartwell after becoming intoxicated. The decedent had been a passenger on a pontoon boat owned and operated by Defendant, which, at the time of decedent's drowning, was moored at a popular location on Lake Hartwell known as "Party Island." Petitioner is informed and believes that the decedent suffered substantial conscious pain and suffering while drowning in the waters of Lake Hartwell.

3.    Petitioner is decedent's natural mother and sole beneficiary under the South Carolina Wrongful Death Act.

4.    Petitioner is decedent's sole heir at law for purposes of the Survival Act.

5.    Liability in this action has been vigorously contested by the Defendant. Defendant has denied that he violated any of the applicable maritime rules. Although,

under applicable maritime law, pure comparative negligence applies, the establishment of clear liability on the part of the Defendant presents a problem for the Plaintiff in view of the fact that Petitioner's decedent had a substantial blood alcohol level at the time of his death, and questions exist as to the source of the alcohol consumed by the decedent.

6.  Petitioner has been represented throughout this matter by C. William Hinnant, Jr., Esquire, of Anderson, South Carolina. Petitioner and Mr. Hinnant have entered into a written contingency fee contract, under the terms of which Mr. Hinnant is entitled to a fee of 30% of any amounts recovered by way of settlement or otherwise, together with recovery of costs advanced in connection with this litigation. Petitioner is well satisfied with the competent, capable representation of Mr. Hinnant.

7.  Through Mr. Hinnant, the proposed settlement has been reached through mediation with representatives of the Defendant under the terms of which Defendant's representatives will pay to Petitioner the sum of $42,500.00 as full and final settlement of the wrongful death and survival claims arising from this incident.

8.  All creditors of the Estate have been paid, and the settlement fund is to be disbursed as follows:

| | | |
|---|---|---:|
| (a) | Attorney's fee to Mr. Hinnant | $12,750.00 |
| (b) | Costs advanced for the mediation | 344.91 |
| (c) | Allocation to wrongful death action | 100.00 |
| (d) | Balance to Estate for survival claim | 29,305.09 |

9.  Petitioner understands that she has an absolute right to submit this entire matter to decision by this Court. Under all of the circumstances of this matter, however, and in light of the general uncertainties surrounding trial of any matter, and upon advice

2

of able and competent counsel, Petitioner is informed and believes that the settlement proposed is fair, equitable and in the best interest of all concerned.

10.   Petitioner understands that as a part of this settlement she will be required to execute a complete release of the Defendant and his representatives, together with their respective heirs, successors and assigns, and that, upon payment of the settlement proceeds, those parties will be relieved and discharged from any and all further liability and shall have no obligation or legal duty to supervise or follow the appropriate or proper distribution of the settlement proceeds either among the wrongful death beneficiaries or those entitled to proceeds of the settlement of any survival claim.

WHEREFORE, Petitioner prays as follows:

(a)   That the Court inquire fully inquire into the facts and circumstances of this matter;

(b)   That the Court approve the settlement of this matter as proposed hereinabove;

(c)   That the Court issue its Order setting forth its approval of this settlement and authorizing Petitioner and her attorney to duly execute the appropriate documents effecting such settlement and to disburse the settlement funds as proposed; and

(d)   That the Court, in its Order, provide for such other and further relief as to the Court may seem just and proper.

February ____, 2005.

_____
C. William Hinnant, Jr.
Medicolegal Consultants, LLC
112 Essex Drive
Anderson, SC 29621
Attorney for Petitioner

3